835 F.2d 870
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donald A. VAUGHN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3388.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1987.
 
 Before FRIEDMAN, PAULINE NEWMAN, and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Donald A. Vaughn petitions for review of the decision of the Merit Systems Protection Board (board), Docket No. SL075286C0202, dismissing his petition for enforcement of a settlement agreement entered into with the United States Postal Service (Postal Service). We vacate and remand.
 
 OPINION
 
 2
 Mr. Vaughn entered into a settlement agreement regarding his removal from the Postal Service. The pertinent portions of that agreement provided:
 
 
 3
 The January 10, 1986, Removal of [Mr. Vaughn] is acknowledged by the signatory parties to have been for just cause and no back pay will ensue from this settlement.
 
 
 4
 [Mr. Vaughn] will be re-employed as a non-career casual employee upon successful completion of an inpatient alcohol rehabilitation program approved by the Employee Assistance Program Coordinator. [Mr. Vaughn] will be retained as a casual employee for two (2) consecutive eighty-nine (89) day periods, provided he maintains satisfactory participation in the structured Employee Assistance Program and meets the performance, conduct and attendance requirements of his position in a satisfactory manner.
 
 
 5
 Upon satisfactory completion of the two eighty-nine (89) day casual appointments, [Mr. Vaughn] will be reinstated to the Motor Vehicle Craft on a Last Chance Basis.
 
 
 6
 On the basis of this agreement, the board dismissed Mr. Vaughn's appeal of the removal action. Vaughn v. United States Postal Service, MSPB Initial Decision No. SL07528610202 (Mar. 21, 1986).
 
 
 7
 Although Mr. Vaughn satisfactorily met his obligations under the agreement, the Postal Service did not return him to his former position as a full-time regular employee, but instead "reinstated" him as a part-time flexible employee. Mr. Vaughn filed a petition for enforcement, contending that this action violated the terms of the settlement agreement. The Postal Service maintained that, because the agreement did not specify that Mr. Vaughn would be returned to a full-time regular position but only that he would be "reinstated to the Motor Vehicle Craft," its action did not violate the agreement.
 
 
 8
 The board has jurisdiction to enforce settlement agreements which have been entered, as here, into the appellate record. 5 C.F.R. Sec. 1201.182 (1987). In this case, the board determined that the express language of the agreement fully and unambiguously supported the Postal Service's position. Finding the Postal Service to be "fully in compliance with the terms of the settlement agreement," the board dismissed Mr. Vaughn's petition for enforcement.
 
 
 9
 The scope of this court's review of board decisions is limited by statute, 5 U.S.C. Sec. 7703(c) (1982). A settlement agreement, however, is a contract, and it is well settled that interpretation of a contract is a question of law and that an administrative board's interpretation of a contract is not binding on the court. Bonner v. Merit Systems Protection Board, 781 F.2d 202, 205 (Fed.Cir.1986); Fortec Constructors v. United States, 760 F.2d 1288, 1291 (Fed.Cir.1985). Here the board stated that because it found "the settlement agreement not ambiguous as to the nature of [Mr. Vaughn's] reinstatement," no clarification of the terms of the agreement was necessary. We cannot agree.
 
 
 10
 The dictionary definition of the word "reinstate" is "to place again ... in a former position" or "to restore to a previous effective state." Webster's New Collegiate Dictionary, G. & C. Merriam Co. (1979). In view of this definition, there was ambiguity as to whether the settlement agreement entitled Mr. Vaughn to be returned to his former position or at least to a position of the same type, i.e. another full-time permanent position in the Motor Vehicle Craft. As a general rule, extrinsic evidence, including testimony regarding the intentions of the parties, is admissible to clarify ambiguous terms in a contract. United States v. Human Resources Management, Inc., 745 F.2d 642, 648 (Fed.Cir.1984). The board, in stating that no clarification of the settlement agreement was necessary, appears to have refused to consider evidence proffered by Mr. Vaughn in an attempt to show that the Postal Service's representative verbally agreed to return him to his previous status as a regular employee. Because there is at least an ambiguity in the contract as to the use of the term "reinstate," the board erred in not considering testimony of the parties or their representatives, or other extrinsic evidence, to determine the intent of the parties.
 
 
 11
 Accordingly, we vacate the decision of the board and remand for consideration of extrinsic evidence relating to the agreement or understanding of the parties as to the capacity in which Mr. Vaughn would be "reinstated."